ROSA ZITTLE, Respondent, v. JOHN E. WURTH, Appellant.

(168 N. W. 630.)

**Work and labor — domestic services — amount — action to recover — trial — verdict — judgment — sustained by evidence.**

For general services as maid of all work in defendant's hotel, the plaintiff sues to recover $4 a week, amounting to $76.25. Judgment for the same was duly given in justice court and in the district court.

The case is very simple. There is no error. The verdict is well sustained by direct and convincing testimony.

Opinion filed July 9, 1918.

Appeal from the District Court of Walsh County, Honorable *W. J. Kneeshaw*, Judge.

Defendant appeals.

Affirmed.

*E. Smith-Petersen*, for appellant.

A person who has never before worked in a hotel, or in the same locality, is not competent to testify upon the question of the value of her services in doing such work. Swan Co. v. Middlesex, 101 Mass. 173.

Where a nonexpert witness shows that from common experience and observation he knows of the subject-matter about which he is testifying, he is qualified; but in the absence of such showing he is not competent. Alt v. California Fig. Co. (Neb.) 7 Pac. 173.

The burden of establishing a contract is upon the person alleging and seeking to enforce it. His claim must be a legal claim. Hartman's Appeal, 3 Grant, Cas. 234; Fitch v. Peckham, 16 Vt. 150; Hall v. Finch, 25 Wis. 278.

Expectation of receiving pay for services rendered is not enough. Van Buren v. Reformed Church, 62 Barb. 495.

If plaintiff was to render certain services to defendant in return for his hospitality in taking her in when she was in poor health, and it was so intended, then she is not entitled to a recovery. Moulin v. Columbet, 22 Cal. 508.

It is not necessary that there be a special contract that plaintiff was to receive nothing for her services, to prevent recovery. It is enough if the circumstances show that her services were to be a charge against defendant. Ibid.; Taylor v. Brewer, 1 Maule & S. 290; Livingston v. Achiston, 5 Cow. 531.

*H. C. DePuy,* for respondent.

A witness may testify to the reasonable value of his own services. No one is more competent to do so. Mercer v. Vose, 67 N. Y. 56; Edwards v. Fargo & S. R. Co. 4 Dak. 549, 33 N. W. 100; 17 Cyc. 116 and cases cited.

Where there is no existing family relation, and where there is no agreement, one who performs services for another who is in a position to refuse or accept the same, but who actually accepts them and avails himself of their benefits, the law implies a promise to pay reasonable compensation, and a recovery may be had. 40 Cyc. 2808.

ROBINSON, J. The plaintiff brought this action against defendant in justice court to recover from defendant for services in his hotel from October 25, 1916, to March 11, 1917. In justice court and in the district court on the verdict of the jury the plaintiff recovered a judgment for $76.25 and interest. The defendant appeals to this court. The verdict is well sustained by convincing testimony and the appeal has no merit. There was no merit in the defense.

At Conway, defendant ran a hotel of eighteen rooms, kitchen, dining room, and office. His wife had left him with four small children, and he had no help only Annie Wherman, who in February, 1917, became the mother of a child conceived at the hotel. Under such conditions defendant was fortunate in securing the services of the plaintiff at $4, $5, or $6 a week, though he claims he did not agree to pay her anything, and that she worked for her board, and that she was not competent to testify to the value of her services. But little or no testimony is needed to show to judges or jurors of any common sense that $4 a week is very moderate pay for a woman of twenty-seven years doing

general hotel work. She testifies: "I washed dishes, cooked, did laundry and washing, baked pies and bread, washed clothes, worked all over the house, carried out the slops and brought in the water," and defendant told her to do it. After working six weeks she wanted to leave, and defendant would not let her go. Her testimony is entirely convincing. It far outweighs the testimony of the defendant. The charge of the court is manifestly correct. The case is simple. The defense has not the least merit.

Judgment affirmed.